UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In Re:<br><br>MOJO BRANDS MEDIA, LLC,<br>    Debtor. | **Case No.: 6:15-bk-03871-LVV**<br>**Chapter 7** |
| TRUSTEE, GENE T. CHAMBERS,<br>    Plaintiff,<br>v.<br>NIXON PEABODY, LLP,<br>    Defendant. | **Case No. 6:22-cv-02318-WWB** |

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

   > The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

   The parties conducted the planning conference on 1/18/2023. Brooks Rathet and Suzanne Hill attended the conference.

2. **Deadlines and Dates**

   The parties request these deadlines and dates:

   | Action or Event | Date |
   |---|---|

| | |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | Completed |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | Completed |
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | Completed |
| Defendant's deadline for disclosing any expert report. | Completed |
| Deadline for disclosing any rebuttal expert report. | Completed |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | Completed |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | Completed; *Daubert* motions pending. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>David Henry, Mediate First Inc.<br>200 East Robinson St., # 700<br>Orlando, FL, 32801. | 5/19/2023 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 6/26/2023 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 7/3/2023 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 7/10/2023 |
| Month and year of the trial term[*]. | 8/14/2023 |

---

[*] Suzanne Hill, counsel for Defendant Nixon Peabody, respectfully requests that the trial not be scheduled any earlier than August 14, 2023. Ms. Hill recently underwent surgery to her jaw to correct advanced TMJ disorder on both sides. She is having to wear a mouth splint during the day that interferes with her ability to

The trial will last approximately 5 days.

☒ jury.

☐ non-jury.

3. **Description of the Action**

On April 28, 2017, Plaintiff, Gene T. Chambers, Trustee in the United States Bankruptcy Court for the Middle District of Florida, filed this action on behalf of Mojo Brands Media, LLC ("Mojo") against Defendant, Nixon Peabody LLP ("Nixon Peabody") alleging claims for legal malpractice (Count II) and breach of fiduciary duty (Count IV).† Mojo was formed as a media production company in March of 2013 when it acquired the assets of the Daily Buzz, a weekday morning show.  Nixon Peabody represented Mojo in its formation and its acquisition of the Daily Buzz.  Mojo continued to produce the Daily Buzz and other shows until April 2015 when it shuttered the business and later filed bankruptcy.

The allegations in this lawsuit arise out of a loan transaction that Mojo entered into with Bomojo Investment LLC, a company that was formed by Richard W. Botnick, a longtime client of Nixon Peabody.  The loan transaction was negotiated in the Spring of 2014, and closed on July 14, 2014.  Nixon Peabody represented Botnick and Bomojo in that transaction.  Attorney Michael Owen with Perkins Coie, LLP represented Mojo.‡

The transaction consisted of a $800,000 loan secured by a first lien on Mojo's accounts receivable.  Bomojo received a 19% ownership interest in Mojo and board seats giving Bomojo control of Mojo's board of managers.  Mr. Botnick was also named chairman of Mojo's board, and his presence was required to have a quorum.

---

speak.  The total recovery time is nine months, and is expected to conclude on or about August 10, 2023.

† In Count V of her Adversary Complaint, Plaintiff also asserted a claim against Nixon Peabody for aiding and abetting a breach of fiduciary duty of Mr. Botnick. Nixon Peabody's Motion for Summary Judgment was granted and this Count was dismissed.

‡ Plaintiff also sued Perkins Coie, LLP for legal malpractice (Count I) and breach of fiduciary duty(Count III).  Plaintiff dismissed her claims against Perkins Coie on 10/11/2019 (Doc. 94), and the Order dismissing these claims was entered on 10/23/2019 (Doc. 95).

Plaintiff alleges that Nixon Peabody committed legal malpractice and breached its fiduciary duty when it represented Botnick and Bomojo in the loan transaction against Mojo. Plaintiff asserts that Nixon Peabody had a non-waivable conflict of interest because it acquired confidential information regarding Mojo's financial condition, and even if the conflict was waivable, Nixon Peabody failed to obtain a proper conflict waiver. Plaintiff also asserts that Nixon Peabody used confidential information to Mojo's disadvantage. As a result, the loan terms were lopsided and unfair to Mojo. The loan terms enabled Bomojo to declare a default and take control of Mojo's accounts receivable causing Mojo to file bankruptcy. Plaintiff seeks to recover $4.746M in damages.

Nixon Peabody denies Plaintiff's allegations. Nixon Peabody asserts that it did not acquire confidential financial information of Mojo, and that Mojo's financial condition was not confidential as of the Spring of 2014. Nixon Peabody asserts that the conflict of interest was waivable and that it obtained Mojo's informed consent to waive any conflict of interest, and although a written waiver was not required, the conflict waiver letter was appropriate. Nixon Peabody asserts that the business principals negotiated the loan terms without the firm's involvement. Further, Mojo was adequately represented in the loan transaction by its own counsel, Michael Owen, who advised Mojo of the deal risks and advised Mojo not to do the deal with Bomojo. Fully advised of the risks, and against the advice of its own counsel, however, Mojo decided to do the loan with Bomojo. Nixon Peabody also denies that it did anything to cause Mojo's alleged damages, and asserts that Mojo's bankruptcy was due to financial failures of Mojo's own making.

4. **Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☒ The parties do request a preliminary pretrial conference, and the parties want to discuss the scheduling of trial, the possibility of presenting witness testimony and/or expert testimony via video conference, and resolution of outstanding Daubert motions (Doc. Nos: 216), Defendant Nixon Peabody's Motion in Limine (Doc. No. 200 and 219) and Motion to Strike (Doc. No: 201, 202, and 218).

8. **Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

The parties have completed discovery.

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: list the subjects.

C. Discovery should be conducted in phases:

☐ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☐ Yes; describe the issue(s).

E. ☐ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

    F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

**11. Certification of familiarity with the Local Rules**

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

**12. Signatures**

/s/ William L> Bromagen
William L. Bromagen, Esquire
**Attorneys for Trustee, Gene T. Chambers**
**Florida Bar No.: 599603**

/s/ Suzanne Barto Hill
Suzanne Barto Hill
**Attorney for Defendant, Nixon Peabody LLP**
**Florida Bar No.: 0846694**